# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs April 18, 2012

## STATE OF TENNESSEE v. JEREMY ANTWAN BRYANT

**Appeal from the Criminal Court for Davidson County**
**No. 2008-B-2136      Cheryl Blackburn, Judge**

—————————————

**No. M2011-02410-CCA-R3-CD - Filed June 19, 2012**

—————————————

Appellant, Jeremy Antwan Bryant, pled guilty to possession of one-half gram or more of cocaine with intent to sell, a Class B felony. The trial court sentenced appellant to eight years but suspended the sentence and placed appellant on supervised probation. After appellant had been on probation for almost three years, the trial court revoked his probation. On appeal, appellant contends that the trial court erred in revoking his probation because the State did not establish, by a preponderance of the evidence, that appellant committed new criminal offenses while on probation. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Dawn Deaner, District Public Defender; Jeffrey A. DeVasher (on appeal) and Gary Tamkin (at hearing), Assistant District Public Defenders, Nashville, Tennessee, for the appellant, Jeremy Antwan Bryant.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Stacy Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts and Procedural History

A Davidson County grand jury indicted appellant for possession with intent to sell or deliver one-half gram or more of cocaine, possession with the intent to sell or deliver not less

than one-half ounce nor more than ten pounds of marijuana, and driving on a cancelled, suspended, or revoked license. Appellant pled guilty to possession of one-half gram or more of cocaine with intent to sell. On November 6, 2008, the trial court sentenced appellant to eight years but suspended the sentence and placed appellant on supervised probation. On September 2, 2011, the trial court issued a probation violation warrant based on the affidavit of appellant's probation officer. The affidavit stated that appellant had violated the terms of his probation by failing to obey the law and that he had been arrested on August 23, 2011, for numerous drug charges. The trial court held a probation revocation hearing on October 7, 2011.

At the revocation hearing, Metro Nashville Police Department Detective Joshua Black testified that on April 25, 2011, he was working with a paid confidential informant. The informant was to complete a controlled drug purchase of crack cocaine from someone whom the informant knew as "Worm." Detective Black searched the informant, and the informant did not have any contraband or personal money on him. Detective Black gave the informant previously documented "buy money" to use in the transaction and an electronic listening device. Detective Black investigated the contact information that the informant had for "Worm" and learned that appellant was "Worm."

Appellant told the informant to meet him in the Kroger parking lot at Eighth Avenue North and Monroe Street. When the informant arrived at the parking lot, he exchanged multiple phone calls with appellant before appellant arrived. The informant and appellant parked their cars next to each other. The informant exited his vehicle, walked over to appellant's vehicle, conducted the transaction, and immediately returned to his vehicle. Detective Black met with the informant and recovered a white rock substance from him that weighed approximately 2.5 grams and field tested positive for cocaine. Police officers kept the informant under surveillance the entire time.

On April 29, 2011, Detective Black conducted another controlled purchase at the same location with "[e]xactly the same fact pattern." The April 29th controlled purchase yielded approximately the same weight of cocaine as the previous purchase. Detective Black conducted an additional controlled purchase involving the informant and appellant on June 23, 2011. On June 23rd, the informant again met appellant at the Kroger parking lot, and he purchased 2.6 grams of cocaine from appellant.

On cross-examination, Detective Black testified that he was in the vehicle with the informant and listened to the phone conversations during each purchase. He sat in the passenger seat during the purchases and personally observed appellant. Detective Black saw the informant give appellant the money and saw appellant give the informant something in

return. He did not see exactly what appellant gave in return until the informant returned to the vehicle.

Detective Black did not arrest appellant after the first controlled purchase so that the informant could make multiple purchases from appellant. Detective Black explained,

> [M]ost investigations I try to get to the source and I try to find out where they're keeping it or where it's coming from. And I tried to get to that place, but unfortunately this time I was unable to go that route. So I just - - I went with what I had, which was three buys.

Using appellant's phone number, Detective Black identified the name on the telephone account. Once he had the name, he retrieved a "mugshot" and compared it with the person he saw during the controlled purchases. He showed the "mugshot" to the informant, and they agreed that it was appellant. Detective Black knew appellant was the seller at the time of the second purchase.

After hearing the evidence, the trial court found that there was sufficient evidence to prove appellant had violated his probation. The trial court further found that the charges were "just too serious" for it to consider some alternative to full revocation. The court revoked appellant's probation and ordered him to serve his eight-year sentence in the Tennessee Department of Correction.

## II. Analysis

On appeal, appellant challenges the trial court's order revoking his probation and ordering the execution of his original sentence. Appellant contends that the trial court erred in revoking his probation because the State did not establish, by a preponderance of the evidence, that appellant committed criminal offenses while on probation.

The revocation of a suspended sentence rests in the sound discretion of the trial judge. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995); *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). In determining whether to revoke probation, it is not necessary that the trial judge find that a violation of the terms of the probation has occurred beyond a reasonable doubt. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). If the trial court finds by a preponderance of the evidence that the defendant has violated the conditions of probation, the court is granted the authority to revoke the probation and suspension of sentence. Tenn. Code Ann. § 40-35-311(e)(1) (2010). The appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010).

The terms of appellant's probation required appellant to "obey the laws of the United States, or any State in which [he] may be." The evidence at the probation revocation hearing showed that during his probation appellant sold cocaine to a confidential informant on three separate occasions. Police officers arrested appellant for these sales. Appellant challenges the sufficiency of Detective Black's testimony and claims that it did not establish by a preponderance of the evidence that appellant committed criminal offenses while on probation. We disagree. Detective Black's testimony showed that he worked with the informant to complete controlled drug purchases from appellant. Detective Black stated that he searched the informant, who did not have contraband or money, and gave him documented money with which to make the purchases. Detective Black was with the informant during the transactions and witnessed the exchanges between the informant and appellant. These exchanges yielded cocaine. The trial court had sufficient evidence before it upon which to revoke appellant's probation and did not abuse its discretion. Appellant is not entitled to relief.

## III. Conclusion

Based on the foregoing, we affirm the judgment of the trial court revoking appellant's probation and ordering execution of his sentence.

_____
ROGER A. PAGE, JUDGE